IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>THE BUREAUS, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-297-MHC-LTW |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 35], which recommends that Defendant's Motion for Summary Judgment [Doc. 23] be granted and Plaintiff's Motion for Court-Ordered Dismissal [Doc. 27] be denied. The Order for Service of the R&R [Doc. 36] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Plaintiff has now filed her objections to the R&R ("Pl.'s Objs.") [Doc. 37], and a Motion for Leave to File Amended Response to Defendant's Motion for Summary Judgment ("Pl's Mot. for Leave to File Am. Resp.") [Doc. 38].

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On January 22, 2020, Plaintiff Danielle Harris ("Harris") filed a five-page Complaint in this Court alleging that Defendant the Bureaus, Inc. ("the Bureaus") was attempting to collect a debt of $4,288.00 owed by Plaintiff, that Plaintiff notified Defendant that she disputed the debt, and that Defendant failed to report her debt as disputed in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Compl. [Doc. 1].  Harris has been represented until recently by Matthew Landreau of Credit Repair Lawyers of America ("CRLA").  Joint Prelim. Report & Disc. Plan [Doc. 9] at 5.

After a period of discovery, the Bureaus filed its Motion for Summary Judgment asserting, *inter alia*, that it did in fact report Plaintiff's dispute of the debt.  Mem. in Supp. of Def.'s Mot. for Summ. J. [Doc. 23-1] at 2-3, 6-9.  Harris filed her response to the motion for summary judgment indicating that "[u]ndersigned counsel has reviewed Defendant's motion and has discussed same, and its merits, with Plaintiff.  Plaintiff agrees that Defendant forwarded the dispute information in its next regularly scheduled monthly cycle." Pl.'s Resp. to Mot. for Summ. J. [Doc. 26] at 1.  Harris also filed a Motion for Court-Ordered Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, based on her counsel's review of the summary judgment motion and discussion with opposing

counsel, and indicated that the Bureaus would not stipulate to a dismissal. Pl.'s Mot. for Court-Ordered Dismissal at 1-2. The Bureaus responded by asking that its unopposed Motion for Summary Judgment be granted and that Harris's Motion to Dismiss be denied, primarily because Harris was aware prior to filing her lawsuit that the Bureaus reported the account as disputed and the Bureaus intends to seek attorney's fees and costs for bad faith. Def.'s Reply Br. in Supp. of its Mot. for Summ. J. [Doc. 29] at 1-2; Def.'s Resp. in Opp'n to Pl.'s Court-Ordered Dismissal [Doc. 30] at 3-6.

In her R&R, the Magistrate Judge first recommends denial of Harris's motion to dismiss because: (1) prior to the filing of Harris's complaint, CRLA received the results of the Bureaus' investigation which indicated that the account was disputed, (2) despite knowing the Bureaus reported her debt as disputed, CRLA filed the complaint alleging a violation of the FDCPA, and (3) Harris and/or her counsel "acted in bad faith by filing this lawsuit and prosecuting the action until faced with the possibility of sanctions." R&R at 2-3. The Magistrate Judge also recommends granting the Bureaus' motion for summary judgment based upon the undisputed material facts and Harris's admission that the Bureaus did properly report her debt as disputed "in its next regular monthly cycle." R&R at 6. The Magistrate Judge notes that Daniel Brennan, another attorney with CRLA, entered

an appearance as counsel for Harris following the filing of the motions to dismiss and for summary judgment, but weeks prior to the issuance of the R&R [Doc. 31]. Mr. Landreau withdrew as counsel for Harris shortly thereafter. Mot. to Withdraw [Doc. 32]; Dec. 14, 2020, Order [Doc. 34]. As the same series of actions occurred in another case in this district where the plaintiff was represented by CRLA, Robinson v. WebBank, No. 1:19-CV-2458-MLB, the Magistrate Judge expected that Mr. Brennan would later argue in this case, as he did in Robinson, that Mr. Landreau filed Harris's response to the Bureaus' motion for summary judgment "without the consent or knowledge of Plaintiff or any other person in Plaintiff's law firm" and that Mr. Brennan should be permitted to file an amended response to the Bureau's summary judgment motion. R&R at 6-8. Even assuming Mr. Landreau engaged in some misconduct, the Magistrate Judge points out that this would not absolve CRLA of its share of responsibility: "A law firm has a duty to supervise its attorneys . . . Mr. Brennan made an entry of appearance in this case over three weeks ago [and] [i]f he wanted an opportunity to correct any alleged misconduct by Mr. Landreau, he should have promptly done so rather than waiting for weeks to raise the argument." Id. at 8-9.

The Magistrate Judge proved to be prescient, because on January 11, 2021, forty (40) days after entering an appearance in this case, Mr. Brennan filed Harris's

4

objections to the R&R, contending that: (1) the statements made by Mr. Landreau in his response to the Bureaus' motion for summary judgment and Harris's motion to dismiss "are entirely false," (2) Harris never authorized Mr. Landreau to request dismissal of the case (attaching a verified "Statement" from Harris), and (3) Mr. Landreau never consulted with others at CRLA before filing Harris's motion and response. Pl.'s Objs. at 2-5. As in Robinson, Mr. Brennan has also filed a "Motion for Leave to File Amended Response to Def.'s Motion for Summary Judgment," based upon the actions of Mr. Landreau [Doc. 38].

## II. STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need

only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. DISCUSSION

The undisputed facts[1] in this case show as follows:

(1) Harris owed a debt to Capital One, N.A. in the amount of $4,288.00 ("the Debt"). Def.'s Statement of Undisputed Material Facts to Which There is No Genuine Issue to Be Tried ("Def.'s SUMF") [Doc. 23-2] ¶ 5 (citing Compl. ¶ 6).

(2) On February 11, 2019, the Bureaus received the Debt. Def.'s SUMF ¶ 6 (citing Decl. of Aristotle Sangalang ("Sangalang Decl.") ¶ 10).

(3) On September 30, 2019, Harris checked her Credit Karma credit report which showed the Bureaus reporting of the Debt. Def.'s SUMF ¶ 7 (citing Dep. of Danielle Harris ("Harris Dep.") [Doc. 23-4] at 38).

---

[1] Under the local rules of this Court, the statement of material facts as to which there is no genuine issue to be tried filed by the movant is deemed admitted unless the respondent files a response directly refuting the movant's facts with "concise responses supported by specific citations to evidence," states "a valid objection to the admissibility of the movant's fact," or points out that the movant's citation does not support the alleged fact. LR 56.1B(2)(a), NDGa.

(4) CRLA prepared and mailed a letter addressed to the Bureaus from Harris in October 2019 "disputing the alleged debt," which was received by the Bureaus on October 21, 2019. Def.'s SUMF ¶¶ 9-10, 21 (citing Harris Dep. at 21) and Sangalang Decl. ¶ 19); see also Doc. 23-8 at 16).

(5) That same day, the Bureaus investigated the alleged dispute and found that it lacked merit. Def.'s SUMF ¶¶ 22-23 (citing Sangalang Decl. ¶¶ 20-25).

(6) On November 22, 2019, the Bureaus reported Harris's debt using a code that indicating the account was disputed and the investigation was completed. Def.'s SUMF ¶¶ 30-31 (citing Sangalang Decl. ¶¶ 31-32).

(7) On December 12, 2019, Harris checked her Credit Karma credit report which in fact showed the Bureaus reporting of the debt, which stated "Dispute resolved; reported by grantor." Def.'s SUMF ¶¶ 32-33 (citing Harris Dep. at 56 & Ex. 7).

Recognizing these facts, Harris, through her attorney, failed to file any opposition to the Bureaus' motion for summary judgment and expressly agreed that the Bureaus forwarded the disputed information in its next regular business

7

cycle. See Pl.'s Resp. to Mot. for Summ. J. In her objections to the R&R, Harris, through another attorney at CRLA, asserts that she did not wish to concede the facts in the Bureaus' motion for summary judgment and had no conversation with Mr. Landreau about "such a filing."[2] Pl.'s Objs. at 2-3. However, Harris fails to identify any specific finding of the Magistrate Judge she objects to, nor does she reference any evidence which would create a disputed issue of material fact. Marsden, 847 F.2d at 1548. Even if Mr. Landreau filed Harris's response to the summary judgment motion without consulting Harris, this does not excuse Mr. Brennan's failure to move to withdraw Harris's response to the Bureaus' summary judgment motion in the three weeks prior to the issuance of the R&R or failure to make objections to specific findings of the Magistrate Judge. This Court also has reviewed Harris's deposition, and nothing contained in that testimony or the exhibits attached to it would support a denial of the Bureaus' motion for summary judgment.

In the Motion for Leave to File Amended Response to the Bureaus' Motion for Summary Judgment, Mr. Brennan merely repeats the allegations of

---

[2] It is clear from Harris's deposition that she had little contact with CRLA prior to the filing of the Complaint, as she was unaware of the contents of the letter mailed by CRLA to the Bureaus under her signature disputing the Debt or, for that matter, the ground for the dispute. Harris Dep. at 21-22, 48.

inappropriate representation by Mr. Landreau. However, Harris failed to attach to her motion a proposed amended response to the Bureaus' summary judgment motion or cite to any evidence which supports the denial of the Bureaus' motion, which justifies this Court's denial of the motion to amend. See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (holding that an amendment should not be permitted unless the movant attaches the proposed amendment to her motion or sets forth the substance thereof).

Finally, Harris objects to "the propriety of finding bad faith by Plaintiff or CRLA in the R&R." Pl.'s Objs. at 5. As there is no pending motion for costs and attorney's fees, this Court makes no such independent finding at this time.

## IV.  CONCLUSION

Therefore, after consideration of Plaintiff's objections and a *de novo* review of the record, it is hereby **ORDERED** that Plaintiff's objections to the R&R [Doc. 37] are **OVERRULED**.

The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 35] as the opinion and order of this Court. It is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 23] is **GRANTED** and Plaintiff's Motion for Court-Ordered Dismissal [Doc. 27] is **DENIED**. It is further **ORDERED** that Plaintiff's Motion for Leave to File

Amended Response to Defendant's Motion for Summary Judgment [Doc. 38] is **DENIED**.

**IT IS SO ORDERED** this 14th day of January, 2021.

_____
MARK H. COHEN
United States District Judge