# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Danielle Harris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: 1:20-cv-00297-MHC |
| v. ) | |
| ) | |
| The Bureaus, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SPECIFICATION AND ITEMIZATION OF REQUESTED FEES

NOW COMES the Plaintiff, Danielle Harris, by and through her undersigned counsel, and files this her Objections to the Notice of Filing Specification and Itemization of Requested Fees filed by Defendant The Bureaus, Inc. ("the Bureaus"), as follows:

### STATEMENT OF FACTS

On January 14, 2021, this Court entered its Order adopting the Magistrate's report and recommendation recommending granting Defendant's Motion for Summary Judgment (Doc #39.). On January 15, 2021, the clerk's judgment in Defendant's favor was entered. (Doc #40.).

1

On February 22, 2021, Defendant filed its Motion for Attorney's Fees and Costs as a sanction, requesting entitlement to fees pursuant to 28 U.S.C § 1927, 15 U.S.C 1692k(a)(3) and this Courts inherit power. (Doc #42.)

On March 15, 2021, Plaintiff filed her response in opposition to the Motion for fees arguing the Defendant's Motion was untimely, which response was replied to by the Defendant on March 24, 2021. (Doc #43.)

On March 24, 2021, Defendant, pursuant to L.R. 54.2 (A)(2), filed its Notice of filing Specification and Itemization of Requested Fees, which states the Bureaus is seeking $19,656.50 from Plaintiff and her counsel (Doc #48.) (the "Notice").

The Notice attaches two Declarations from the Bureau's counsel, Attorney Jonathan Aust, and John H. Bedard, Jr., along with Defendant's counsel's billing records.

As will be discussed herein, even if the Defendant's were entitled to attorney's fees, which entitlement is objected to by the Plaintiff, the Defendant's Notice shows that the amount sought by the Defendant should be greatly reduced as the fees sought are unreasonable.

Specifically, the Declaration of Attorney Bedard shows that he did not work on the defense of this action, at all, yet seeks fees for doing so. Similarly, the Declaration of Attorney Aust fails to establish his hourly rate is reasonable and the billing records show that the time expended was excessive and must be reduced.

## LAW AND ARGUMENT

If the Court decides to award any part of the fees and expenses against the Plaintiff or her counsel, it must determine the amount of the reasonable attorneys' fees and expenses to be apportioned. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). In this case, Defendant has failed its burden to demonstrate both that it incurred hours reasonable expended or that its requested hourly rate is reasonable.

1. **Defendant has not met its burden to show that its claimed hourly for Attorney Aust is reasonable**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781 (citation omitted). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" *Id.* (citation omitted). "By 'satisfactory evidence,' we mean 'more than the affidavit of the attorney performing the work.'" *Id.* There must be more evidence than just an attorney affidavit, as "in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). See also *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354–55 (11th Cir. 2000)

Defendant has not provided any satisfactory evidence of the reasonableness of its requested rate. Defendant's Notice attaches the Declarations of Attorneys Aust and Bedard. (Doc #48-1 and Doc #48-2.) Nowhere in the Notice or the Declarations does the Defendant ever discuss or opine as to the historical hourly billing rates of similar services by lawyers of reasonably comparable skills, experience, or reputation within Georgia. Rather, in conclusory fashion, the Declaration of Attorney Aust simply states that "My hourly billing rate is $265.00/hr." Mr. Aust never opines or even states that his stated hourly rate is reasonable and thus, Defendant has failed to meet its burden to establish Mr. Aust's hourly rate is in fact reasonable.

In determining a reasonable hourly rate, the Eleventh Circuit Court of Appeals has provided a list of factors for its district courts to consider. See *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981). A brief analysis of these factors applied to this case justify lowing Attorney Aust's rate. Specifically, (1) this was a simple case, without novel or difficult questions of law; (2) Defendant's attorneys work as defense attorneys and their recovery of attorney's fees is not contingent on the outcome of the matter and (3) Defendant's firm presumably has a continuous working relationship with the Bureaus.

Considering the foregoing, Mr. Aust is an associate with the firm and Plaintiff submits that $175.00 is a reasonable hourly rate for Attorney Aust.

### 2. Defendant has not met its burden to show that it has expended a reasonable number of hours

"In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any 'excessive, redundant, or otherwise unnecessary' hours from the amount claimed." *Domond v. PeopleNetwork APS*, 750 Fed. Appx. 844, 848 (11th Cir. 2018), quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). "[T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.*

The Court considers whether the number of hours expended on this matter were reasonable. *Norman*, 836 F.2d at 1301. " '[E]xcessive, redundant, or otherwise unnecessary hours' should be excluded from the amount claimed." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If the Court finds the number of hours charged unreasonable, it may either analyze them hour by hour, or engage in an across-the-board cut to the hours requested. *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam). *C.M. Life Ins. Co. v. Ruble*, No. 1:16-CV-3834-ODE, 2017 WL 3480259, at *3 (N.D. Ga. July 26, 2017)

#### a) Defendant's counsel's billing records shows that Attorney Bedard did not spend any time working on the defense of this case.

Attached to Defendant's Notice of Filing is the Declaration of John Bedard, the founding partner of Defendant's counsel's law firm. (Doc #48-2, p. 1-9).

5

Therein, Mr. Bedard testifies that he "spent 2.9 hours defending this matter on behalf of the Bureaus," that his "hourly rate is $345.00 per hour," and therefore is seeking $1,000.50 for his attorney's services. The firm's billing records attached to Attorney Bedard's Declaration show a single time entry made by Mr. Bedard for 1.5 hours spend on February 15, 2021 for time spent to "Draft/revise brief in support of motion for sanctions and costs." (Doc #48-2, pp. 33-34, 41-42.)

The sole entry establishes that Mr. Bedard's only involvement in this case occurred post judgment, after the Court had already granted Defendant's Motion for Summary Judgment. This reveals that Mr. Bedard did not provide any legal services "defending this matter" contrary to the statements in his Declaration, as his only involvement was in prosecuting Defendant's post judgment motion for fees as a sanction. As a result, Plaintiff posits that no award should be made for the time spent by Mr. Bedard as he was not involved in the case during the defense of the action, at all. Furthermore, even if the Court were to award reimbursement of legal services for Mr. Bedard's time, the billing records establish that he only spent 1.5 hours, rather than 2.9 on the action as stated in his Declaration. As such, his time, if awarded over Plaintiff's objection, should be reduced.

### b) Attorney Aust spend excessive and unnecessary time litigating this action.

Pursuant to his Declaration, Attorney Aust requested 70.4 hours for a case that did not get past the summary judgment stage. Defendant's billing records are replete

6

with excessive billings from Attorney Aust. For example, Attorney Aust billed 18.6 hours over 12 entries to draft Defendant's Motion for summary judgment and supporting documents - including billing five separate entries which simply states "Draft/revise motion for summary judgment.[1] Attorney Aust billed 3 hours over 9 entries to draft simple responses to discovery - including billing five identical entries which simply states "Draft/revise discovery responses."[2] There are numerous other examples of excessive hours comprising Attorney Aust requested 70.4 hours. In short, Defendant excessively billed this case across the board and made no attempt to exclude any hours. Rather than forcing Plaintiff and this Court to try to discern which of the 70.4 billed hours are reasonable and which are not, Plaintiff requests this Court find that Defendant failed to meet its burden and deny Defendant's request in its entirety.

Furthermore, a large portion (over 40% of Mr. Aust's time he seeks reimbursement for) was spent post judgment seeking fees against the Plaintiff. In his Declaration, Attorney Aust testifies that he "spent 70.4 hours defending this matter on behalf of the Bureaus," that his "hourly rate is $265.00 per hour" and therefore, he is seeking $18,656.00 for his attorney's services (70.4 * 265 =

---

[1] See total entries from August 6, 2020 through August 26, 2020 on Defendant's billing records (Doc #48-1, pp. 17-18.)
[2] See total entries from April 17, 2020 through May 18, 2020 on Defendant's billing records (Doc #48-1, p.31.)

18,656.00). However, the billing records attached to Attorney Aust's Declaration show that he spent 20.5 hours and seeks $5,432.5 on just the post judgment Motion for Sanctions seeking fees against the Plaintiff. (Doc #48-1, p. 35, 36[3].)

Thereafter, the billing records reflect that Attorney Aust, spent an additional $2,338[4] in "unbilled" (or yet to be billed) attorney's fees drafting the Defendant's Reply to the Response to the Motion for Attorney's fees and the "Affidavits" (or more accurately, Declarations) of Attorney Bedard and Attorney Aust. In other words, Attorney Aust seeks $7,779.50 of the $18,545.00 total (or 41.6% of all the fees he requests) just for his post judgment prosecution of the Defendant's fee award. Plaintiff posits that 41.6 percent of the fees request should not be awarded as it was solely to seek attorney's fees. These excessive fees should not be awarded.

### 3. This Court should disregard any attempt by Defendant to raise any new arguments or facts in its reply brief

Plaintiff anticipates that Defendant might raise new arguments or issues in its reply brief. Plaintiff will not be able to respond to the reply brief and therefore requests this Court to disregard any newly-raised arguments or issues in the reply brief. *See, e.g.*, *Martinez v. Extra Space Storage, Inc.*, No. 13-cv-00319, 2013 WL

---

[3] Plaintiff added up the entries from January 26, 2021 through February 22, 2021.
[4] Plaintiff added the "unbilled" entries entered on Defendant's counsel's billing reports from March 5, 2021 through March 24, 2021 to reach the figure of $2,338.

3889221, at *3 (N.D. Cal. Jul. 26, 2013) (the court considered the raising of new arguments in the reply brief to be "sandbagging").

## Conclusion

As discussed in Plaintiff's Response in Opposition to the Motion for Attorney's Fees and Costs, Plaintiff requests this Court deny Defendant's untimely Motion for Attorney's Fees and Costs. If the Court does award attorney's fees and costs to Defendant, Defendant request that the amount sought be greatly reduced due to the Defendant's failure to establish its reasonable hourly rates of its attorneys and excessive hours of work shown through Defendant's billing statements.

DATED: April 7, 2021

Respectfully submitted,

By: */s/ Daniel M. Brennan*
Daniel M. Brennan
Georgia Bar No. 271142
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
Attorneys for Plaintiff,
Danielle Harris

## PROOF OF SERVICE

I, Daniel M. Brennan, hereby state that on April 7, 2021, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via the Court's CM/ECF system.

/s/ ***Daniel M. Brennan***

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

By: ***/s/ Daniel M. Brennan***
Daniel M. Brennan
Georgia Bar No. 271142